**ANONYMOUS J. and Anonymous R., Attorneys Admitted to Practice in the State of New York, Plaintiffs-Appellants,**

v.

**The BAR ASSOCIATION OF ERIE COUNTY and John B. Walsh, General Counsel to the General Preliminary Investigation, Defendants-Respondents.**

**Nos. 640, 641, Dockets 74-2489, 74-2515.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 19, 1975.

Decided April 3, 1975.

---

Philip H. Magner, Jr., Buffalo, N. Y. (Garvey, Magner & Sullivan, Buffalo, N. Y.), for plaintiff-appellant J.

Thomas P. Flaherty, Buffalo, N. Y. (Flaherty & Shea, Buffalo, N. Y.), for plaintiff-appellant R.

John B. Walsh, Buffalo, N. Y., for defendants-respondents.

Before ANDERSON, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Appellants are two attorneys at law admitted to practice in the State of New York. During the summer of 1971, the Erie County District Attorney's Office commenced an investigation into the propriety of the disposition of certain traffic matters in the City Court of Buffalo. Both attorneys were called to testify before the grand jury and both refused to execute written waivers of immunity on the advice of their counsel. The grand jury voted them transactional immunity and both thereupon testified before the grand jury on May 31, June 1 and June 4, 1973. An indictment was returned against a third person and the appellants testified as witnesses on that trial. On June 11, 1974, the appellants were served with a petition and notice of motion by the defendant Bar Association of Erie County charging them with violations of N.Y. Penal Law, McKinney's Consol. Laws, c. 40, §§ 115.00, 100.05 and 105.05, as well as Canons 1, 6, 7, 8 and 9 of the Code of Professional Responsibility, Judiciary Law Appendix. The petitions and motions were returnable on June 25, 1974 before the New York State Appellate Division of the Supreme Court, Fourth Department. On the return date, the matter was adjourned until August 1, 1974. On July 26, 1974, the appellants commenced an action in the United States District Court for the Western District of New York seeking preliminary and permanent injunctive relief enjoining the defendants from pursuing the disciplinary proceedings. They also sought a declaratory judgment that their immunized grand jury testimony could not be used against them in any way in the pending disciplinary proceedings. Federal jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983. On July 29, 1974, appellants obtained from Hon. John T. Curtin, Chief Judge of the Western District of New York, an order to show cause why a preliminary injunction should not be issued against the de-

 

fendants. Defendants filed no answer but moved to deny the motion for the preliminary injunction and dismiss the complaint on the ground that the complaint failed to state a claim upon which relief could be granted.

■ On October 17, 1974; Chief Judge Curtin issued a decision and order granting the defendants' motion to dismiss the complaint. The court below based its decision upon the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its application by this court in Erdmann v. Stevens, 458 F.2d 1205, cert. denied, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972). The court also stated that it was adopting the reasoning of Anonymous v. Association of the Bar of the City of New York, 74 Civ. 2398 (S.D.N.Y. July 31, 1974). The appeal in that case was heard by this panel on the same day as this appeal, and our affirmance there (515 F.2d 427 (1975)) compels affirmance here. The factual situation in both cases is the same in all material respects, the only distinction being that here the disciplinary proceeding had progressed from the Bar Association to the Appellate Division by the time this action was commenced.

Appellants here raise substantially the same arguments presented in Anonymous v. Association of the Bar, supra, in an effort to avoid the holding of this court in Erdmann. Since these contentions are fully discussed in our opinion in the companion case, repetition is unwarranted.

■ Appellants, however, do raise one issue not raised in Anonymous. They urge that since this action is based upon the Civil Rights Act of 1871, 42 U.S.C. § 1983, it is not subject to the restrictions of the anti-injunction statute, 28 U.S.C. § 2283, or the Younger abstention principle. There is no doubt but that a section 1983 action falls within the "authorized by Act of Congress" exception to section 2283. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). However, it is equally clear that section 1983 is not ex-

empted from the Younger abstention doctrine. Erdmann itself was a case in which plaintiff's counsel invoked section 1983 but we nonetheless refused to intervene in the state action. In any event, in O'Shea v. Littleton, 414 U.S. 488, 499, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), the Supreme Court applied the Younger principle in a 1983 action, reiterating what it had said in Mitchum v. Foster, supra, 407 U.S. at 243, 92 S.Ct. 2151, that the Mitchum holding was not intended to qualify in any way the principles of comity and federalism. See Huffman v. Pursue, Ltd., —— U.S. ——, 95 S.Ct. 1200, 43 L.Ed.2d 482 (March 13, 1975) (Younger held applicable in a suit brought under 1983 to enjoin a state civil proceeding).

Affirmed.